The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRANDON DENZEL WASHINGTON,<br><br>    Defendant. | No. 2:23-cr-00058-RAJ<br><br>**PROTECTIVE ORDER** |

This matter, having come to the Court's attention on the government's motion for entry of a discovery protective order, and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

**1. Definitions.**

*A. Protected Material.* The following documents and materials are deemed Protected Material[1]:

    i. Grand jury transcripts and exhibits;

    ii. Victim and non-law enforcement witness statements, including but not limited to reports of law enforcement officers memorializing witness statements;

---

[1] Certain Protected Material may also be Sensitive Material. If so, the more restrictive rules relating to Sensitive Material will apply.

PROTECTIVE ORDER - 1
*United States v. Washington* / 2:23-cr-00058-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      iii.    Records obtained that corroborate the witnesses' or victims' statements;

      iv.    The personal information related to victims and/or witnesses, and any statements and/or documents containing personal information related to any victims and/or witnesses. As used in this Order, the term "personal information" refers to each victim's and/or witness's date of birth, Social Security number (or other similar identification information), driver's license number, address, telephone number, location of residence or employment, school records, juvenile criminal records, financial records, and other similar information. In addition, with respect to any victims or potential victims in this case, the term "personal information" also includes the name and identity of each victim; and

      v.    Material similar to the material described above, where permitting the defendant to possess the material or disseminating it outside of the defense team would tend to harm the security, privacy, or dignity of the victim.

B.    *Sensitive Material.* The following documents and materials are deemed Sensitive Material:

      i.    Medical records related to victims and/or witnesses;

      ii.    Sexually suggestive photographs of victims and/or witnesses, including but not limited to photographs connected to online advertisements for prostitution; and

      iii.    Material similar to the material described above, where showing it to the defendant or disseminating it outside of the defense team would tend to harm the security, privacy, or dignity of the victim.

C.    *Defense Team.* The following individuals constitute the "defense team":

      i.    Attorneys of record and other attorneys at the same firm while working on this case;

      ii.    Investigators employed or retained by the attorneys of record to work on this case;

PROTECTIVE ORDER - 2
*United States v. Washington* / 2:23-cr-00058-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        iii.    Paralegals, law clerks, assistants, and other similar professionals who are employed or retained by the attorneys of record; and

        iv.    Experts employed or retained by the attorneys of record to work on this case.

The defense team does not include the defendant or any member of his family or other associate.

**2.    Handling of Protected Material and Sensitive Material**

Pursuant to this Protective Order, the United States will provide copies of the Protected Material and Sensitive Material, including those filed under seal, to defense counsel to comply with the government's discovery obligations. The government shall make its best efforts to mark Protected Material and Sensitive Material as such or otherwise identify it clearly for defense counsel.

Possession of the Protected Material is limited to the defense team. The defense team may show the Protected Material to the defendant; however, members of the defense team are prohibited from providing a copy of the Protected Material in any format to the defendant, except that they may provide an electronic copy of the Protected Material to the Federal Detention Center at SeaTac, Washington, for the defendant's use in a controlled environment while he is in custody there. The defendant may not print, copy, have anyone else print or copy on his behalf, or in any other manner obtain, retain, or disseminate a copy of the Protected Material, nor may he show it to other individuals who are not members of the defense team. Additionally, the defense team is prohibited from duplicating or providing copies of the Protected Material to any other person who is not a member of the defense team.

Possession of Sensitive Material is limited to the defense team. The attorneys of record and members of the defense team may *not* show Sensitive Material to the defendant or provide him with a copy in any format. The defense team may, however, describe and discuss the contents of Sensitive Material with the defendant. Further, the

PROTECTIVE ORDER - 3
*United States v. Washington* / 2:23-cr-00058-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defense team is prohibited from describing, discussing, showing, or providing Sensitive Material to any person who is not a member of the defense team.

The defense team shall keep any Sensitive Material or documents containing Sensitive Material secured whenever it is not being used in furtherance of their work in the above-captioned case.

Additional discovery items may be deemed by the parties to constitute Protected or Sensitive Material upon agreement.

Any violation of these prohibitions constitutes a violation of the Protective Order. Further, defense counsel is required, prior to disseminating any copies of the Protected or Sensitive Materials to members of the defense team, to provide a copy of this Protective Order to members of the defense team, and to obtain their written acknowledgment that they are bound by the terms and conditions of this Protective Order. The written acknowledgement need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

**3.    Filing**

Any Protected or Sensitive Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

**4.    Nontermination**

The provisions of this Order shall not terminate at the conclusion of this prosecution.

**5.    Violation of Any Terms of this Order**

Any violation of any term or condition of this Order by the defendant, his attorneys of record, or any member of the defense team may result in the responsible

PROTECTIVE ORDER - 4
*United States v. Washington* / 2:23-cr-00058-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

individual being held in contempt of court and/or subjected to monetary or other sanctions as deemed appropriate by this Court.

If the defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice or to file any appropriate criminal charges relating to the defendant's violation.

**6.    Right to Review**

The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court.

**7.    No New Discovery Obligations**

Nothing in this order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law, statute, and Rule 16 of the Federal Rules of Criminal Procedure.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this 16th day of May, 2023.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

PROTECTIVE ORDER - 5
*United States v. Washington* / 2:23-cr-00058-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970