The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON DENZEL WASHINGTON<br><br>Defendant. | No. CR23-58-RAJ<br><br>ORDER ON GOVERNMENT'S MOTION FOR REVIEW AND REVOCATION OF RELEASE ORDER |

## I.  INTRODUCTION

THIS MATTER comes before the Court upon the government's Motion for Review and Revocation of Release Order. Dkt. 46. The Court has considered the government's motion and the defendant's response (Dkt. 52) and the files and pleadings herein, including the reports prepared by Pretrial Services.

The defendant was charged by Indictment with two counts of Sex Trafficking by Force, Fraud and Coercion and two counts of Transportation for the Purpose of Prostitution. Dkt. 1. The two counts involving sex trafficking each carry a mandatory minimum term of imprisonment of 15 years.

ORDER - 1

 The defendant was arrested on these charges and made his initial appearance on May 3, 2023. Dkt. 6. The first detention hearing was held before the Honorable Magistrate Judge Michelle L. Peterson on May 9, 2023 and the defendant was ordered detained pending trial. Dkt. 17. At that detention hearing, Judge Peterson indicated that the defendant had overcome the presumption of detention and was not a flight risk but did not release at that time due to concerns regarding the existence of GPS monitoring in another state.

 The defendant subsequently requested the reopening of his detention hearing. Dkt. 29. The government opposed the motion. Dkt. 9 (sealed) and Dkt. 30. Judge Peterson granted the motion to reopen, heard the argument of counsel and released the defendant after confirming his proposed release plan. Dkts. 34 and 36. The government separately filed a motion to stay defendant's release pending appeal. Dkt. 42. On that same day this Court granted the government's motion to stay release and set a briefing schedule on the appeal.

 Now before the Court is the government's appeal of the release order. Dkt. 46. After reviewing the parties' briefs, the relevant case law, and the record, the Court finds that oral argument is unnecessary. For the reasons below, the Court **DENIES** the Government's motion and orders the defendant released pending trial.

## II.   LEGAL STANDARD

 The parties accurately identify that a District Court reviews *de novo* a magistrate judge's order for pretrial detention or release. *United States v. Koenig,* 912 F.2d 1190, 1192-93 (9th Cir. 1990). Both parties also accurately identify the Title 18 U.S.C. §3142(g) factors this Court must consider in deciding whether to detain the defendant pending trial. In making this determination, this Court is statutorily guided that a finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. *Id.*

Additionally, a finding that no condition or combination of conditions will reasonably assure the defendant's appearance, must be established by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

### III. DISCUSSION

**A. The Defendant Poses a Risk of Danger to the Community.**

The Court begins its analysis with the observation that at the detention hearing, Judge Peterson found that the defendant was a danger to the community. Dkt.17. The Pretrial Services report also concluded the defendant is viewed as a risk of danger based on the nature of the instant offense, a history of similar charges and safety concerns. Dkt. 39.

Moreover, the government has presented compelling and convincing evidence of the danger the defendant presents to the community, particularly in light of the government's allegations that the defendant has been engaged in sex trafficking women for nearly ten years and that trafficking included physically abusing and assaulting women in order to coerce them into making money for him. Dkt. 46, at 18. The government has further alleged that the defendant's business model requires that as women leave him, he coerces more women into engaging in commercial sex, thus presenting a danger to both current and future victims. Dkt. 46, at 18. The government suspects that the risk of danger will be enhanced with the suspicion that the defendant will attempt to discourage past victims from cooperating with the prosecution, a risk they contend will be heightened as he has gained access to materials in discovery. Dkt. 46, at 18.

The government's alleged facts include details that the defendant transported A.V. 1 from California to Washington, Nevada and Florida to engage in commercial sex. The government also alleges the defendant arranged for A.V.2 to meet him in

California for purposes of engaging in commercial sex.  Both victims allegedly have attested to his violence against them for refusing his demands or failing to meet his demands or expectations.  Dkt. 46 at 4.

While the specifics of these allegation have yet to be proved, the facts as presented support by a preponderance of the evidence that the defendant is a danger to the community.

Having made this observation this Court has considered the following factors in determining whether there are conditions of release that could reasonably assure the appearance of the defendant and safety of any other persons and the community.

        1.     <u>Nature and Circumstances of the Offense</u>

The government contends that A.V. 1 participated in prostitution against her will and she unwillingly engaged in in sex for money for the defendant. This contention is allegedly supported by A.V. 2 who, while having previously been involved in prostitution, has reported he controlled her life and earnings through force and manipulation. Dkt. 46, at 18.  In addition, the defendant is charged with violating 18 U.S.C. § 1591 and these offenses carry a mandatory minimum sentence of 15 years in prison.  A violation of this statute is specifically called out in 18 U.S.C. § 3142(g) as a factor to be considered in weighing the nature and circumstances of the offense.

The nature and circumstances of the offenses weigh strongly in favor of detention.

        2.     <u>The Weight of the Evidence</u>.

The government rests the strength of its case primarily upon the testimony of A.V.1. and A.V.2.  The defendant denies the allegations.  The Court has no reason discount the veracity of the testimony of the alleged victims, but there are circumstances presented by the defendant that gives pause to the weight of the evidence.

These circumstances include that first, the two women never called police or made complaints against the defendant until law enforcement contacted them. Dkt. 52, at 13. Second, both of these women had begun engaging in sex work before meeting the defendant. Dkt. 52, at 13. And third, the defense contends that both of the alleged victims had prior romantic relationships with the defendant that ended before 2020 with one of the women reportedly having made threats toward the defendant's current girlfriend for months before the current allegations. Dkt. 52, at 13.

While the weight of the evidence is a factor considered in this Court's assessment, the Court is mindful that the weight of the evidence can only be considered in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Likewise, *Motamedi, Id*. at 1408, instructs that the weight of the evidence is the least important factor for the Court to consider.

The Court is not to make determinations on the credibility of anticipated evidence or testimony in making a decision of release or detention. What is primarily before this Court is two versions of the claimed facts. While the Court does not discount the statements of the alleged victims, the circumstances as presented weigh in favor of release as the defendant's assertions go to the heart of conflicting considerations regarding the allegations against the defendant. *Gebro,* 948 F.2d at 1121.

       3.      <u>History and Characteristics of the Defendant</u>

This factor weighs heavily in the defendant's favor. The record indicates that the defendant has strong family ties with a large family in California who appear to have been supportive of him through the processing of this case. There is no history of drug abuse or alcohol abuse of record. The Pretrial Services Report indicates that he only has criminal history from 10 years past and while multiple violations are noted, it

appears they all stemmed from the same conduct and there is no evidence to the contrary.  In addition, the defendant asserts, and it is unrefuted, that while the dated criminal matter was pending for two years, the defendant was fully compliant with all conditions of release.  Dkt. 52, at 18, fn. 10.

It also appears that if released, the defendant would reside with his mother as a third-party custodian and there is no indication that she is not a law-abiding, responsible community member.

The Court is aware that Magistrate Judge Peterson imposed conditions of release and found that, considering the foregoing, there were conditions sufficient to reasonably protect the community from the defendant's ongoing criminal behavior.  This Court agrees.

While the nature of the government's allegations are very serious, the Court must consider all of the factors as noted.  Of paramount concern is the danger that the defendant may pose to the alleged victims or potential witnesses.  Here there is no indication that the defendant has communicated with either of the alleged victims for more than three years.  Dkt. 52, at 20.  The defense has also presented that one of the alleged victims has contacted the defendant's current girlfriend by sending aggressive and threatening test messages in the months leading up to his eventual arrest and indictment.  As noted by the defense: "Despite knowing this, Mr. Washington did not contact her, attempt to flee the country, or engage in any concerning conduct that would suggest Mr. Washington would interfere with the administration of justice." Dkt. 52, at 20. These representations have gone unchallenged by the government.

The appearance bond the defendant signed has a variety of conditions that provide appropriate measures to reduce the likelihood of any contact of the alleged victims by the defendant.  They include among other restrictions, a prohibition of any direct or indirect contact with the alleged victims, no internet access, a work

ORDER - 6

requirement, total oversight of his finances by pretrial services house arrest and location monitoring. The Court adopts fully all conditions previously authorized.

Thus this Court agrees with the finding of release by Judge Peterson and the recommendation of the Pretrial Services Report that there appear to be conditions of release that would reasonably assure future Court appearances and address danger to other persons or the community.

### B. Defendant Does Not Pose a Risk of Flight if Released.

The magistrate judge ordered conditions of release that would reduce the concern that the defendant would pose a risk of flight if released with the conditions she imposed. This Court agrees for the reasons previously noted.

### IV. CONCLUSION

Based on the foregoing reasons, the Court **DENIES** the government's Motion to Revoke the Magistrate Judge's Detention Order of Release and orders the defendant released effective Monday, October 2, 2023. The defendant's release shall coordinated with the Location Monitoring Officer.

DATED this 29th day of September, 2023.

_____
The Honorable Richard A. Jones
United States District Judge