The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON DENZEL WASHINGTON,<br><br>Defendant. | No. 2:23-cr-00058-RAJ<br><br>ORDER ON DEFENDANT WASHINGTON'S MOTION TO DISMISS FOR SELECTIVE PROSECUTION |

## I. INTRODUCTION

This matter comes before the Court on Defendant Brandon Denzel Washington's Motion to Dismiss for Selective Prosecution (Dkt. 113). The government filed a Response in Opposition to the Motion (Dkt. 124) to which the defendant filed a reply (Dkt. 138).

For the reasons set forth below, the Court **DENIES** Defendant's Motion to Dismiss for Selective Prosecution.

## II. BACKGROUND

Defendant Washington, who is African American, seeks dismissal of charges contained in the indictment claiming the government ignored evidence and failed to prosecute two other white males ( D.F. and M.D.) whom they contend were equally

ORDER - 1

involved in the sex trafficking business with the same alleged victims (D.A. and T.G.) of Washington's offenses.

Specifically, the defense contends that D.F. paid for commercial sex acts from D.A. and then promoted her commercial sex work by funding her apartments entirely. Both T.G. and D.A. were on the leases and these units were being used for commercial sex work. D.F. is also accused of having purchased expensive vehicles for D.A.

M.D. is accused by the defense as being T.G.'s "sugar daddy" for years. Financial records have been produced by the government suggesting T.G. had received large sums of payments from various men, but the government had yet to ask T.G. about her relationship with D.F.

In essence, the defense argues the government's investigation failed to pursue other individuals involved in the commercial sex trafficking business and unfairly targeted Defendant Washington.

The government denies the contentions of selective prosecution. The government asserts the motion should be denied because the defendant has not produced any evidence of similarly situated individuals in this district, of another race than Washington, who were not prosecuted for sex trafficking, or that the United States Attorney's Office was motivated by a discriminatory purpose in electing to charge the defendant with sex trafficking offenses.

The government asserts that the voluminous records of their investigation demonstrates a variety of distinguishing features of why Washington was prosecuted,

which includes his alleged sex trafficking multiple women in multiple states which include the four named victims in the instant case, his alleged demands of earnings he expected from the victims, his alleged acts of violence against these women, the interstate travel demands of the victims to perform commercial sex acts, and the "plethora" of records including travel and hotel records, commercial sex advertisements, banking and financial records, Washington's emails, social media posts, and corroborating cell phone records (Dkt. 124, at 8).

### III. DISCUSSION

The defendant accurately articulates what is required to prove a selective prosecution claim. The defendant must demonstrate the prosecution had a discriminatory effect and was motivated by a discriminatory purpose. *United States v. Armstrong*, 517 U.S. 456, 456-57 (1996). To establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted. *Ah Sin v. Wittman,* 198 U.S. 500 (1905).

The government accurately articulates what is required to establish a valid selective prosecution claim. Those requirements reflect that the defendant must present "clear evidence" that the decision to prosecute was based on "an unjustifiable standard such as race [or] religion" and that "the administration of a criminal law" is "directed so exclusively against a particular class of persons…with a mind so unequal and oppressive that the system of prosecution amounts to a practical denial of equal protection of the law. *Armstrong, Id.,* at 463-465.

The defendant seeks an evidentiary hearing to establish his contention.

The defendant's assertion of selective prosecution woefully fails on a variety of fronts. In essence, the defense argues that because two white males could have been charged with various sex trafficking crimes and were not, that is sufficient to support his claim. The proffer of the defendant regarding the acts of the two white males fits more accurately as them being proverbial "Johns" who pay for sex and serve as "sugar daddies." No evidence has been presented to suggest the two white males' association with the two women was anything more than noted.

As presented, the defendant is characterized by the alleged facts to have committed acts of profiting from the work of women willing to sell themselves for money, under the pressure of having violence inflicted upon them and forcing their participation in the sex trafficking world for his personal profit while controlling nearly all of their earned profit.

The defense has failed to meet its burden of establishing that D.F or M.D. forced or coerced the victims to engage in commercial sex acts or used violence of any kind. Consequently, there is a complete absence of a showing that these two men could be characterized as being "similarly situated."

As presented, D.F. and M.D. arguably could have been charged or investigated for Transportation for the Purpose of Prostitution, in violation of Title 18, United States Code, Section 2422(a). But unlike the charges against the defendant, such an allegation

does not require a finding that the defendant used force, fraud, or coercion to compel a person to engage in commercial sex acts.

As noted above, the defendant additionally carries the burden of producing some evidence tending to show that the United States Attorney's Office acted with discriminatory purpose when it charged the defendant with sex trafficking crimes in federal court. There is no evidence presented by the defense that comes close to meeting this burden. Consequently, the request for a hearing or further discovery other than what is required by the disclosure obligations of the Federal Rules of Criminal Procedure or other applicable law is not warranted.

### IV.   CONCLUSION

For all of these reasons, the Court finds that Defendant Washington's Motion to Dismiss for Selective Prosecution is **DENIED**.

DATED this 30th day of January, 2025.

The Honorable Richard A. Jones
United States District Judge

ORDER - 5