The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON DENZEL WASHINGTON,<br><br>Defendant. | No. 2:23-cr-00058-RAJ<br><br>ORDER ON DEFENDANT WASHINGTON'S MOTION TO COMPEL PRETRIAL WITNESS INTERVIEWS |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Brandon Denzel Washington's Motion to Compel Pretrial Witness Interviews (Dkt. 111). The Government filed a Response in Opposition to the motion (Dkt. 120) to which the Defendant replied (Dkt. 139). The government additionally filed a Motion to Strike Arguments Raised for the First Time in the Reply Brief (Dkt. 160).

For the reasons set forth below, the Court **DENIES** Defendant's Motion to Compel Pretrial Witness Interviews.

ORDER - 1

## II. BACKGROUND

Defendant Washington has been charged in a nine-count Superseding Indictment with crimes related to his sex trafficking of four adult women through force, fraud, or coercion. (Dkt. 70). It is undisputed that in early 2024, Homeland Security Investigations Special Agent Chris Miranda and former Assistant United States Attorney Erin Becker contacted each of the four named victims to advise them that the defense wanted to interview them. According to the government, AUSA Becker explained that it was each victim's own choice whether to speak to defense counsel. Each of the four victims responded that they did not want to participate in a pretrial interview with defense counsel.

In addition to the four noted victims, the defendant also asks the Court to compel three unidentified men who allegedly "participated in sex trafficking with these women" to submit to a pretrial interview. According to the government, the defense has not identified these men, nor has counsel asked the government to advise these men of the defense's pretrial interview request.

In support of his request, the defendant has alleged a litany of deficiencies in the government's investigation and inconsistencies between the identified victims' account of events. The defendant contends his counsel's investigator has attempted to reach all four of the complaining witnesses and been unsuccessful at any communication or scheduling of these interviews.

///

## III.  DISCUSSION

Defendant Washington is alleging that he is prohibited from defending himself against the charges because of the government's action or inaction in assisting in his ability to interview the victims prior to trial.  He also alleges this government conduct is affecting his right to effective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 685, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

According to the government, the defendant's motion should be denied because he has neither a statutory nor constitutional right to compel pretrial statements from persons who may be witnesses at trial.

The Court agrees with the government.  The defendant's argument for access to the victim witnesses is hinged upon a claim of constitutional due process and the Sixth Amendment's guarantee of effective assistance of counsel.  As noted in the government's briefing, specifically *Byrnes v. United States,* 327 F.2d 825 (9th Cir. 1964), the Ninth Circuit has clearly indicated that no federal authority has established a rule that a defendant's right to informally interview witnesses is greater than the witness' right to choose whether to be informally interviewed alone, with a lawyer present, or not at all. *Id.*, at 832-833.  This principle was reaffirmed in *United States v. Black*, 767 F.2d 1334, 1338 (9th Cir. 1985) where the court noted again that a defendant's rights are "not violated when a witness chooses voluntarily not to be interviewed."

The defense doubled down on its government obstruction of witness access claim, contending AUSA Becker had advised the victims not to talk with the defense team.

(Dkt. 111, at 8). The government's counter indicates this claim is unfounded as evidenced by an uncontradicted transcript of that conversation (Dkt. 120, at 4). AUSA Becker's statements are consistent with all that is required and what is tolerated under current law in this Circuit.

Last, defendant Washington asks this Court to order depositions under the "exceptional circumstances" and "interests of justice" provisions of FRCP 15. The basis for this request is premised upon the defendant's claimed deficiencies and inconsistencies in the government's case. Those areas are ripe for cross-examination, but not justification for this Court to leap to the conclusion they are "exceptional" to justify this Court granting the relief sought. The defense has asserted this Court should follow Washington state authority where a defendant is entitled to interview witnesses before trial, but under the circumstances of the facts presented that is authority not recognized under federal law.

The government additionally filed a Motion to Strike Arguments Raised for the First Time in the Reply Brief (Dkt. 160). The government contends the defendant cited a series of entirely new purported justifications that were not raised in his initial brief. Additionally, the government contends the defendant appended eight exhibits, including materials that had not been previously provided to the government (Dkt. 160, at 2).

It appears the government's contention is accurate regarding the defendant's raising new arguments in his reply brief. That practice is not tolerated, and the Court has disregarded those new arguments and allegations in ruling on the underlying motion.

## IV. CONCLUSION

For all of these reasons, the Court orders that Defendant Washington's Motion to Compel Pretrial Witness Interviews is **DENIED**.

DATED this 30th day of January, 2025.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 5