Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

BRANDON DENZEL WASHINGTON
and MARIA GEORGIANNA PALM,

  Defendants.

No. 2:23-cr-00058-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Defendant Brandon Denzel Washington's Motion to Sever. Dkt # 112. Defendant Maria Georgianna Palm joins Defendant Washington in the request to sever the cases. Dkt. # 118. The Government opposes severance. Dkt # 130. The Court has considered the briefing submitted by the parties, the governing law, and the balance of the record. For the reasons below, the Court DENIES the Motion to Sever. Dkt. # 112.

## II. BACKGROUND

On April 19, 2023, the Government indicted and charged Defendant Washington with two counts of Sex Trafficking by Force, Fraud, or Coercion, and two counts of Transportation for the Purpose of Prostitution. Dkt. # 1. On March 20, 2024, the Government filed a nine-count Superseding Indictment that added charges against

ORDER - 1

Defendant Washington and charged Defendant Palm as a co-defendant for Conspiracy to Commit Sex Trafficking. Dkt. # 70.

Earlier in this case, the Government referred to Defendant Palm as one of Mr. Washington's victims. *See* Dkts. # 9, 30. However, by January 2024, the Government's view of Ms. Palm had shifted from that of a victim to a co-conspirator, a result of new information learned during the investigation, specifically in a report documenting the contents of Mr. Washington's cellphone. *See generally* Dkt. # 105-4. The Government explained that "the evidence is both robust and clear that [Ms. Palm] is or was a prostitute, that Washington was her pimp, and that she was fully involved in his activities." *Id*. at 1–2. Defendants request that the Court sever the trials. Dkts. # 112, 118.

### III.   DISCUSSION

In the motion, Defendant Washington asserts three reasons in support of severing Washington and Palm's trial. Dkt. # 112. First, Defendant Washington argues that the co-defendants have mutually antagonistic defenses which will prejudice him because Defendant Palm will defend herself by presenting evidence that she is one of Washington's victims. *See id*. at 4–6. Second, Washington argues that evidence admissible in Palm's case, specifically the government's statements about Palm being a victim, would be unduly prejudicial as to Washington. *See id*. at 6. Third, Washington asserts that Defendant Palm has exculpatory information that she could testify about in his case if she was not a co-defendant in his trial. *See id*. at 7–8. Defendant Palm joins the motion, asserting that severance is necessary to prevent unfair prejudice from "spillover evidence" that may result from evidence introduced against Washington. Dkt. # 118. The Court considers the issues of the potential exculpatory testimony and the prejudicial crossover evidence below.

ORDER - 2

### A. Exculpatory Testimony

First, the Court addresses the argument that it must sever these cases on the basis that Defendant Palm's potential testimony is necessary and exculpatory as to Defendant Washington.

In the Ninth Circuit, "[a] party moving for severance based on the need for a co-defendant's testimony must show that he or she would call the co-defendant to testify, that the co-defendant would testify, and that the testimony would be favorable to the moving party." *United States v. Cattanea*, 425 F. App'x 577, 579 (9th Cir. 2011) (citing *United States v. Hernandez*, 952 F.2d 1110, 1115 (9th Cir. 1991) and *United States v. Castro*, 887 F.2d 988, 998 (9th Cir.1989)). Defendants must show "more than the 'unsupported possibility' that their co-defendant would testify in separate trials." *United States v. Dellinger*, No. 13-cr-00065, 2013 WL 3786640, at *3 (D. Ariz. July 19, 2013) (quoting *United States v. Hackett*, 638 F.2d 1179, 1187 (9th Cir. 1980)); *see also United States v. Razo-Quiroz*, No. 19-cr-00015, 2019 WL 1517571, at *5 (E.D. Cal. Apr. 8, 2019) (denying motion to sever where neither co-defendant submitted affidavits establishing that they would call a co-defendant as a witness at a severed trial, that the co-defendant would actually testify, and that the co-defendant would provide relevant and favorable testimony to the defendant seeking the severance).

Defendant Washington has not met the requirements for severance on the basis of need for his co-defendant's testimony. Although Washington's reply brief attempts to point to some exculpatory evidence that Palm could testify about, this alone is insufficient to support severance. *See* Dkt. # 156 at 6–7. More importantly, Defendant Washington has not shown that Defendant Palm would actually testify on his behalf instead of exercising her Fifth Amendment right against self-incrimination. Without a supporting affidavit or other support, this argument is highly speculative. Therefore, the Court denies severance on this basis because Washington has not shown more than the

ORDER - 3

"unsupported possibility" that Defendant Palm would testify if the Court severed the cases.

### B.     Prejudice

The Court turns to the co-defendants' arguments regarding prejudice if the cases are not tried separately. The applicable rule for severance is Fed. R. Crim. P. 14, and it provides in relevant part:

> (a)  Relief.  If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Rule 14 sets a high standard for showing prejudice. The party seeking reversal of the denial of a motion to sever bears the burden of proving such "clear, manifest, or undue prejudice" that is such a magnitude that the defendant is denied a fair trial. *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1210 (9th Cir. 1991).

In assessing whether the joinder of defendants is prejudicial, of foremost importance is whether the evidence as it relates to the defendants is easily compartmentalized. *See United States v. Patterson*, 819 F.2d 1495, 1501 (9th Cir. 1987). Central to the determination is the trial judge's diligence in instructing the jury on the purpose of the various types of evidence. *United States v. Cuozzo*, 962 F.2d 945, 950 (9th Cir. 1992), *cert. denied*, 506 U.S. 978 (1992).

#### 1.     Mutually Antagonistic Defenses

The co-defendants argue that the mutually antagonistic defenses at trial will cause prejudice to their cases and justifies severing the cases for trial. The Court acknowledges that the evidence offered at the same trial may result in some degree of prejudice to both co-defendants. However, as discussed below, Washington and Palm have not met the

burden of proving a "clear, manifest, or undue prejudice" that would result in a denial of a fair trial.

To warrant severance on the basis of antagonistic defenses, co-defendants must show that their defenses are irreconcilable and mutually exclusive. *See United States v. Sherlock*, 962 F.2d 1349, 1363 (9th Cir. 1992). Defenses are mutually exclusive when "acquittal of one c-odefendant would necessarily call for the conviction of the other." *United States v. Tootick*, 952 F.2d 1078, 1081 (9th Cir. 1991); *see United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996) (noting that "a defendant must show that the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant").

The Court is not persuaded by Washington's argument that he cannot receive a fair trial because Palm's attorney would likely assert a defense that she was a victim rather than a co-conspirator. Dkt. # 156 at 2. This defense presents a culpability, blame-shifting issue that does not require separate trials. *See, e.g.*, *United States v. Rodrigues*, No. 09-cr-00022, 2014 WL 1155411, at *12 (D. Nev. Mar. 19, 2014) (stating that anticipated finger-pointing and blame-shifting do not rise to the level of irreconcilable and mutually exclusive defenses that require separate trials).

In this case, the acquittal of one defendant would not require the conviction of the other co-defendant. As the Government points out, "a jury could conceivably believe that [Palm was Washington's victim] while still acquitting on grounds that the government failed to meet its burden to prove that force, fraud, or coercion was used to compel the victims to engage in sex work." *See* Dkt. # 130 at 7. The Court is satisfied that under these circumstances, with adequate limiting instructions, a jury could acquit or convict Washington or Palm. Therefore, the co-defendants' right to a fair trial will not be impaired, and the Court need not sever the trial on this basis.

ORDER - 5

### 2. Spillover Evidence

Defendant Palm argues that the trials must be severed, asserting that any "spillover evidence" regarding Defendant Washington's case is prejudicial and cannot be cured by jury instructions.

"A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991). A party moving to sever on this basis should provide the Court with a "compelling reason why such limiting instructions would not be equally effective in this case." *United States v. Fabel*, No. 06-cr-00041, 2007 WL 313936, at *2 (W.D. Wash. Jan. 30, 2007).

The Court finds Palm's argument is unavailing. Palm claims that evidence about the four adult victims and a broader timeline of Defendant Washington's conduct will be unduly prejudicial. Dkt. # 118 at 7–9. Palm contends this evidence is prejudicial because the testimony would not be admissible if she was tried separately because of her more limited role in the conspiracy. *See id.* However, Defendant Palm does not provide more than bald assertions that the jury instructions would be insufficient in this case. Therefore, the Court will not sever the cases on this basis.

### C. Joint Trial and Jury Instructions

In light of the arguments and considering the Government's evidence that will be used at trial, it appears that much of the evidence to be presented will be utilized efficiently in a joint trial. Like in most conspiracy cases, it appears that the evidence required to show conspiracy overlaps substantially between the co-defendants. Importantly, severing the trials would require four sex trafficking victims to testify in two separate trials, which would likely retraumatize them. Additionally, the law enforcement officers would need to be called at both trials if the trials are severed.

ORDER - 6

The Court is prepared to instruct the jury on the separate consideration of evidence as it relates to each defendant at the beginning of the trial, during the course of the trial, and at the close of the trial. The parties are free to submit any particular or model instruction appropriate to ensure the jury properly compartmentalizes the evidence as it is received to reduce the risk of any crossover consideration of the evidence with respect to a co-defendant.

## IV.     CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion to Sever. Dkt. # 112. In accordance with this Order, the parties may submit proposed jury instructions appropriate to ensure that the jury will compartmentalize the evidence to reduce the risk of any crossover consideration of evidence.

DATED this 31st day of January, 2025.

The Honorable Richard A. Jones
United States District Judge

ORDER - 7