Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON DENZEL WASHINGTON and MARIA GEORGIANNA PALM,<br><br>Defendants. | No. 2:23-cr-00058-RAJ<br><br>ORDER ON GOVERNMENT'S MOTION TO EXCLUDE EVIDENCE OF PRIOR SEXUAL ACTS UNDER FED. R. EVID. RULES 412 AND 403 |

## I.   INTRODUCTION

This matter comes before the Court on the government's Motion to Exclude Prior Sexual Acts Under Fed. R. Evid. Rules 412 and 403. Dkt. 110. Defendant Brandon Denzel Washington filed a response to the government's motion (Dkt. 117), as did Defendant Maria Georgianna Palm (Dkt. 129). The government filed a Reply to Defendant Washington's Response (Dkt. 135) and a Reply to Defendant Palm's Response (Dkt. 146).

For the reasons set forth below, the Court **GRANTS** the government's motion.

Trial in this matter was recently continued to September 29, 2025. The charges against the defendants include multiple allegations that they were involved in sex

ORDER - 1

trafficking crimes involving Adult Victims 1, 2, 3 and 4. The government anticipates each of these individuals will testify at trial. The government's motion expresses concern that the defense may attempt to introduce evidence that one or more of the four victim-witnesses engaged in sexual behavior unrelated to the crimes charged in the Superseding Indictment, including but not limited to evidence that one or more of these witnesses may have engaged in commercial sex acts at times other than when they were allegedly trafficked by the defendants.

Specifically, the government is moving *in limine* to preclude the defense from: (1) eliciting from these witnesses evidence offered to prove that they engaged in other alleged sexual behavior unrelated to the defendants, including commercial sex acts before or after being trafficked by the defendants; (2) questioning these witnesses about their unrelated sexual activity, including but not limited to any prior or subsequent prostitution activity unrelated to the defendants; and (3) otherwise referencing such evidence during *voir dire*, opening statements or closing arguments. Dkt. 110, at 2.

Defendant Washington asserts he is not seeking to introduce any evidence of any alleged victim's "sexual predisposition" or prior sexual activities before meeting him. What he seeks is to present evidence of each of the alleged victim's prior work in prostitution, at strip clubs, and in any form of commercial sex work in order to defend himself against the charges in the Superseding Indictment. Moreover, Mr. Washington asserts it is essential to his defense to present evidence that these women continued to work in commercial sex work after the relationship with him ended. Dkt. 129, at 2.

ORDER - 2

Likewise, Mr. Washington contends Rule 412 does not prevent the defense from challenging their credibility, evidence of bias or motive to lie, and regarding statements putting their prior or subsequent behavior at issue.

Like Defendant Washington, Defendant Palm affirms she is not seeking to introduce evidence of any alleged victim's "sexual predisposition" or any specific "sexual behavior." Dkt. 117, at 2. What she seeks is to introduce evidence to: (1) rebut any suggestion that the defendants first introduced any of the alleged victims into commercial sex work; (2) rebut claims the alleged victims were subjected to force, fraud or coercion; (3) attack the credibility of the alleged victims; and (4) introduce bias on the part of the alleged victims to explain why they are making the claims against the defendants. Dkt. 117.

## II.    DISCUSSION

Rule 412 prohibits evidence involving alleged sexual misconduct to prove that a victim engaged in other sexual behavior or offered to prove a victim's sexual predisposition. This Rule provides very specific and limited exceptions in criminal cases where evidence of specific instances of a victim's sexual behavior: (A) if it is offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence; (B) if offered to prove consent, or offered by the prosecutor; and (C) evidence whose exclusion would violate the defendant's constitutional rights. Fed. R. Evid. 412.

ORDER - 3

Rule 412 bars evidence relating to the alleged victim's sexual behavior or sexual disposition, "whether offered as substantive evidence or for impeachment, except in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim." Fed. R. Evid. 412 Advisory Committee Notes (1994 amendments).

Fed. R. Evid. 412(c) outlines the procedure to determine admissibility of this type of evidence. This rule mandates that the party offering such must file a motion that "specifically" describes the evidence and states the "purpose" for which it is to be offered. The rule further mandates that this submission must be at least 14 days before trial, served on all parties with notification to the victims.

Based upon his filings to date, Defendant Washington has failed to identify with any specificity what evidence he would seek to admit as offered by Rule 412. The Court agrees with the government that some information about the relationship between the defendants may properly be admissible at trial, but the victims' relationships with others post separation relationships with the defendants may not be.

At this juncture, Defendant Washington has merely stated that he seeks to "present evidence of each complaining witness's prior work in prostitution, at strip clubs, and in any form of commercial sex work." Dkt. 129, at 2. Rule 412 has strict procedural requirements including a timely offer of proof delineating what evidence will be offered and for what purpose, and an *in camera* hearing at which the victim may respond. *United States v. Rouse*, 218 F.3d 1229, 1235-36 (10th Cir. 2000).

ORDER - 4

The Court will not guess at what evidence Defendant Washington plans to offer, nor should he expect the government to defend against a mere summary of what specific evidence he seeks to admit as required by the rule.  Hence, the Court grants the government's motion *in limine* as to Defendant Washington.  The defendant is free to file subsequent pleadings that comport with this Order and Rule 412.

Defendant Palm likewise indicates she is not seeking to introduce evidence of any alleged victim's "sexual predisposition" or any specific "sexual behavior."  Rather, she seeks to present evidence in cross-examination regarding the witnesses' credibility, biases and motives as relevant evidence.  She contends this type of evidence falls under the exceptions to Federal Rule of Evidence 412(b), asserting prohibition of this type of evidence would violate her constitutional rights.  More specifically that this evidence would show knowledge, modus operandi, intent, and lack of mistake on the part of adult witnesses who chose to engage in the commercial sex industry.  Dkt. 117, at 3.

The Court disagrees and adopts the government's analysis.  The essential purpose of Rule 412 is to prevent a defendant in these circumstances from presenting evidence that a sex trafficking victims' prior or subsequent involvement in prostitution is in any way relevant to whether the defendant forced or conspired to force them to engage in prostitution.  The government cited a litany of authority confirming this type of evidence is not appropriate or admissible.  *United States v. Rivera*, 799 F.3d 180, 185-86 (2nd Cir. 2015);  *United States v. Elbert*, 561 F.3d 771, 777-778 (8th Cir. 2009); *United States v. Williams*, 564 F. App'x 568, 575-77 (11th Cir. 2014); *United States v. Cephus*, 684 F.3d

ORDER - 5

703, 708 (7th Cir. 2012); *United States v. Backman*, 817 F.3d 662, 670 (9th Cir. 2016); *United States v. Haines*, 918 F.3d 694, 698 (9th Cir. 2019) and *United States v. Valenzuela,* 495 F. App'x 817, 810-20 (9th Cir. 2012).

The ultimate premise of these cases and Rule 412 is succinctly stated in *United States v. Rivera,* 799 F.3d 180, 185-86, where the court noted: "The very purpose of the Rule is to preclude defendants from arguing that because the victim previously consented to have sex for love or money, her claims of coercion should not be believed."

Evidence of victims' other sexual behavior or sexual predisposition, *i.e.*, pre- and post-indictment acts of prostitution, are irrelevant to this case as it does not make more or less probable the fact that the defendants caused the alleged victims to engage in a commercial sex act during the time period alleged in the indictment.

The collective arguments of the defendants for admissibility fail as the clear purpose is to demonstrate the witnesses were predisposed to engage in sex work.  That is precisely what Rule 412 was designed to prohibit.

This Court is unpersuaded by defense arguments that the circumstances of this prosecution are so profoundly different from the host of other authority reaching the same conclusion of inadmissibility of the proposed evidence.

Defendant Palm has made many broad assertions and representations she contends go to demonstrate distinctive circumstances.  Rule 412(c) defines what is required for the evidence to be admitted.  This rule clearly mandates the seeking party must file a motion

ORDER - 6

that "specifically describes" the evidence and "states the purpose for which it is to be offered."

Defendant Palm makes broad representations without specifics of the evidence she will offer to support her contentions for admissibility. Rule 412 defines the motion and hearing practice expected for this type of evidence to be admitted. The defendant has not met that burden. As noted above for Defendant Washington, Defendant Palm is free to file subsequent pleadings that comport with this Order and Rule 412.

The government has made it clear that it intends to elicit limited circumscribed testimony from AV-2 regarding her prior involvement in prostitution, specifically to demonstrate when she met Defendant Washington and about her relationship with her prior pimp. Further, the government suggests that this limited testimony is relevant to show that defendant Washington knew she was a sex worker and was attempting to recruit her to work for him. Dkt. 110, at 14.

Similarly, the government has expressed its intent to elicit limited evidence that AV-3 and AV-4 met Defendant Washington while working as an exotic dancer (AV-3) and in a sex shop (AV-4). The government argues this evidence is tendered to demonstrate the circumstances by which Defendant Washington recruited these two women and to explain their vulnerability to his exploitations. Dkt. 110, at 15. At this stage their testimony appears to be relevant and admissible for the reasons stated by the government.

ORDER - 7

If the government does elicit this evidence on direct examination, and a defendant believes the door has been opened for further inquiry into any other evidence of the victims' sexual behavior, including any other sexual behavior outside of the time frame of the allegations against the defendants, the Court has specific procedural expectations that must be followed.

First, outside the presence of the jury, the defendant shall advise the Court of his or her her belief that the door has been opened. Second, the defendant must identify what specific testimony of the witness warrants a finding of the door being opened to allow such examination. Third, the defendant is prohibited from making any reference to anticipated evidence about the witnesses' sexual behavior as noted above during *voir dire*, opening statements, and closing arguments, unless this Court has ruled otherwise. Fourth, the government is on notice that in ruling on any "door has been opened" motions, the Court will watch with a guarded eye to minimize the government from excessively using Rule 412 as a sword and a shield to the extent that it would violate the defendants' constitutional rights.

### III.    CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the government's motion.

DATED this 12th day of February, 2025.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER - 8