HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

v.

BRANDON DENZEL WASHINGTON and MARIA GEORGIANNA PALM,

Defendants.

Case No.  CR23-00058 RAJ

ORDER ON GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE*

## I.    INTRODUCTION

THIS MATTER has come before the Court upon the Government's Consolidated Motions *in Limine*. Dkt. #292.  Having considered the motions, the Defendants' responses (Dkt. #302) and (Dkt. # 304), and the files and pleadings herein, the Court grants in part and denies in part the Government's motion.  Unless otherwise stated, the Court's rulings apply equally to both Defendants and each party is required to advise their clients or witnesses of the Court's rulings.

ORDER - 1

## II.    AGREED MOTIONS *IN LIMINE*

The Government has represented, and the Defendants do not disagree, that the following motions are agreed and approved by the Court exactly as stated in the Government's motion:

1. Motion to Exclude References to Immigration Enforcement

2. Motion to Preclude Witness Testimony Regarding "Trafficking" or "Being Trafficked"

3. Motion to Exclude References to Defendant Washington's Custodial Statements

4. Motion to Exclude References to Washington's Prior Custodial Detention

5. Motion to Exclude Reference to Nationally Prominent Sex Trafficking Cases

6.. Motion to Exclude Witnesses

7. Motion to Exclude Reference to AV2's Dismissed Conviction for Third Degree Theft

8. Motion Regarding General Courtroom and Trial Procedures

## III.    DISPUTED MOTIONS *IN LIMINE*

**A.    Motion to Exclude Evidence, Argument or Any Mention of Potential Penalties or Collateral consequences if Defendants are Convicted**

The Defendants have agreed they will not present any evidence, argument or question any witnesses or mention the potential penalties or collateral consequences they face if convicted.  With this understanding, the Government's motion is granted.

**B.    Motion to Limit Cross-Examination as to Government Witnesses as to Potential Penalties**

The Government seeks to limit the defense from cross-examining the Government witnesses' as to the potential penalties they might face if charged of crimes

ORDER - 2

relating to prostitution or sex trafficking.  The Government is not opposed to examining witnesses for bias but contends examining witnesses about specific offenses and penalties could create confusion of the issues as the jury would then be exposed to the maximum jail time that Washington and Palm each face and invite possible jury nullification.  Dkt. #292, 6.

Defendant Palm asserts her right to question witnesses about the potential penalties and consequences the witness is exposed to, based on their own conduct, claiming the evidence is admissible to show bias and cast doubt on their credibility. She further contends the amount of prison time the witness could face provides the jury wish a measure of the incentive the witness has to cooperate with the Government.

Defendant Palm specifically contends entitlement to examine AV1 due to the manner and extent of communication with her during the investigation of this case. This concern is predicated upon the contact with her via an attorney acting as an intermediary who sought to keep her role to that of a "victim" and nothing further.  Dkt. #302, at 2.

Similarly, Defendant Washington seeks to examine T.G. and D.A. about possible charges and penalties contending they could have been charged with various crimes associated with sex trafficking.  The essence of his claim is that cross-examination on what detriment or benefit will flow for their testimony should be allowed to demonstrate to the jury why these witnesses might testify falsely to gain the benefit or avoid the detriment.

It is undisputed that the Sixth Amendment guarantees criminal Defendants the right to cross-examine adverse witnesses to uncover bias and to expose motive in testifying, but that right is not absolute.  *United States v. Dadanian,* 818 F.2d 1443, 1449 (9t Cir. 1987).  A limitation on the extent of cross-examination exists when it is based on concern about confusion of the issues or where the interrogation is repetitive or only marginally relevant.

ORDER - 3

The Defendants cite *United States v. Larson,* 495 F.3rd 1094 (9th Cir. 2007) as authoritative to support questioning witnesses about the potential penalties and consequences the witness is exposed to base on the witness' own conduct.

The issue in *Larson,* was whether the district Court had erred when it prevented defense counsel from exploring the mandatory minimum sentence that cooperating witnesses faced in the absence of a U.S.S.C. § 5k1.1 motion by the Government.  In that case, the jury learned a cooperating witness stood to benefit by testifying to the Government's satisfaction.  But the jury did not learn the extent which he stood to benefit from testifying in a manner that satisfied the Government.  There, the Court held that the jury was deprived of what would have allowed it to determine just how strong the witness's motivation was to please the Government.

Key to the Court's analysis was the fact that the witness was facing a mandatory life sentence, a sentence of such a significant magnitude that excluding this information deprived the jury important information to evaluate the witness credibility.

The parties are directed to the Court's Order on Defendant Palm's Disputed Motions *In Limine,* section II, A.  The analysis equally applies.  For those reasons, the motion is granted.

### C.    Motion to Preclude Lay Witnesses from Improper Opinion Testimony.

The Government seeks to preclude Defendants from asking witnesses to comment on whether they believe specific witnesses or charged victims were "trafficked."

It does not appear that Defendants are seeking examination of witnesses violative of Fed. R. Evid. 701 or asking for permission to solicit opinion testimony as to whether specific victims and witnesses were "trafficked."  Rather, they seek to question witnesses about factual matters within their personal experience, including whether they observed or experienced force, threats, coercion or lack of choice in connection

ORDER - 4

with engaging in sex acts.  The scope of their inquiry includes whether they observed others experiencing the same.  This extent of examination is permitted.  Otherwise, the Government's motion is granted.  The Defendants are prohibited from asking any witness or victim if they were trafficked but free to question witnesses within the scope of the Court's limitation.

###### D.    Motion to Exclude Evidence Regarding AV2's November 2017 Arrest by Port of Seattle Police.

The Government seeks to prevent the Defendants from inquiring about an outstanding Montana fugitive warrant for AV2 for drug-related charges on grounds that it is not relevant.  Specifically, the Government contends an arrest on a fugitive warrant has no tendency to make the existence of any fact or consequence probable, citing Fed. R. Evid. 402. The Government also suggests any probative value is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.

AV2 was arrested on that warrant by Port of Seattle Police.  Defendants outline the circumstances of her arrest including the hiring of two lawyers who worked with the police to resolve her cases during the same time of the instant matter.  The relevance identified is that she was arrested on serious charges, successfully navigated those matters without raising any issues associated with sex trafficking.  This evidence is offered to counter the Governments suggestion that she was incapable of acting independently or seeking assistance.

The Defendants are permitted to inquire about the fact of her arrest but must omit the crime for which D.A. was arrested as nothing about the nature of her drug charge suggests it was crime of dishonesty and she wasn't convicted of that crime. Defendants are free to otherwise inquire that she was taken into custody on a warrant, processed by police and did not disclose anything about being trafficked.  This line of inquiry is permissible as it will allow the Defendants the opportunity to present relevant

ORDER - 5

testimony to the issue of credibility.  For these reasons, the Government's motion is granted in part.

### III.   CONCLUSION

Based on the foregoing reasons, the Government's proposed agreed Motions *In Limine* are **GRANTED**.

The Government's motion to exclude evidence, argument, or any mention of potential penalties or collateral consequences if Defendants are convicted is **GRANTED**.

The Government's motion to limit cross-examination as to Government witnesses as to potential penalties is **GRANTED**.

The Government's motion to preclude lay witnesses from improper opinion testimony is **GRANTED.**

The Government's motion to exclude evidence regarding AV2's November 2017 arrest is **GRANTED**.

IT IS SO ORDERED.

Dated this 2nd day of February, 2026.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 6