HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  CR23-00058 RAJ |
| v. | ORDER ON GOVERNMENT'S MOTIONS *IN LIMINE* TO EXCLUDE TESTIMONY OF DR. JUSTIN LEHMILLER |
| BRANDON DENZEL WASHINGTON and MARIA GEORGIANNA PALM, | |
| Defendants. | |

## I.   INTRODUCTION

THIS MATTER comes before the Court on the Government's Motion to Exclude Expert Testimony of Dr. Justin Lehmiller. Dkt. #294.  Having considered the motion, Defendant Washington's Response (Dkt. #305) Government's Reply in

ORDER - 1

Support of Motion *In Limine* to Exclude Expert Testimony of Dr. Justin Lehmiller and the files and pleadings herein, the Court makes the following determinations.

## II.    DISCUSSION

The Government asks this Court to exclude the testimony of Dr. Lehmiller as an expert for several reasons:  First, he is not qualified to educate the jury on the topic of sex trafficking, or commercial sex work.  Second, he failed to comply with Rule 16(b)(C)(iii) by failing to identify the opinions he will offer. Third, his proposed testimony will attempt to define the law, or it is irrelevant and not likely to assist the jury in deciding the facts in this case. And Fourth, it violates Rule 403 because his proposed testimony is substantially outweighed by the danger it would confuse and mislead the jury.

To begin, the Court will address the Rule 16 disclosures. While Dr. Lehmiller's disclosure suffers some deficiencies, primarily the lack of specific opinions, the Court does not find them so limiting as to warrant exclusion.  The fact remains that he did identify the subject-matter topics he proposes to testify about.  In essence, he provided notice of his expert's opinions in summary fashion via general categorizations.

Next, the Government suggests that Dr. Lehmiller's testimony will impermissibly attempt to define the law and usurp the role of the Court by defining coercion or sex trafficking concepts.  The Court will not tolerate this practice from any expert or the Government's expert.  Dr. Lehmiller will be permitted to provide background testimony and education and provide testimony about the voluntary adult sex-worker subculture.  He will not be permitted to define legal terms or attempt to tell the jury what the law is.  Nor will he be allowed to opine on what he believes constitutes illegal coercion, or define what situations constitute "voluntary" sex work from "exploitation" or "trafficking" or attempt to redefine statutory terms.

ORDER - 2

Additionally, he will not be permitted to opine on the facts of this case or whether any conduct constitutes sex trafficking or meets any legal definition of force, fraud, or coercion.

As noted by the Defendant, the Government had between the date of Dr. Lehmiller's expert disclosure until now for additional information regarding the topics listed in the disclosure and to seek any clarification or detail on what his testimony would be on different topics.  It appears the disclosure was timely, and the Government has been provided with adequate notice and is not claiming surprise. Moreover, there are no allegations the defense seeks to introduce undisclosed areas of his testimony.

The Government also challenges Dr. Lehmiller's qualifications.  They specifically point out the lack of depth of experience on the topic of sex trafficking. While his background may be deficient in having exhaustive knowledge of the sex trafficking industry, that is not the standard for Rule 702 admissibility. This Court is expected to screen an expert's testimony for relevance and reliability. The Court finds that while not overwhelming, when considering the totality of his education, research and training, Dr. Lehmiller's proposed testimony meets the thresholds of relevance and reliability.

The Government is free to attack Dr. Lehmiller's qualifications or the lack thereof.  It will be up to the jury to determine how much weight should be accorded to his opinions, but the remedy of outright exclusion is not warranted.

Finally, the Court does not find that Rule 403 would be violated by allowing this testimony.  Providing testimony to provide background, contextual testimony to assist the jury in understanding subject matter outside common experience is relevant and not prejudicial to justify exclusion.

//

ORDER - 3

### III.   CONCLUSION

For the foregoing reasons, the Government's Motion to Exclude Expert Testimony of Dr. Justin Lehmiller is **DENIED**.

IT IS SO ORDERED.

Dated this 2nd day of February, 2026.

Richard A. Jones

The Honorable Richard A. Jones
United States District Judge

ORDER - 4