HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

v.

BRANDON DENZEL WASHINGTON and MARIA GEORGIANNA PALM,

Defendants.

Case No.  CR23-00058 RAJ

ORDER ON DEFENDANT WASHINGTON'S DISPUTED MOTIONS *IN LIMINE*

## I.    INTRODUCTION

THIS MATTER is before the Court on Defendant Washington's Motions *In Limine.* Dkt. 295. Having considered the motions, the Government's response (Dkts. 306 and 307,) Defendant's Reply (Dkts. 322 and 323,) and the files and pleadings herein, the Court makes the following determinations.

//

//

ORDER - 1

## II.    DISCUSSION

**A.    Testimony, evidence and argument concerning worldwide problems of human trafficking, child slavery, and international prostitution**

The Government has conceded that it does not intend to elicit testimony related to child slavey, or sex tourism at trial, nor will it discuss or introduce issues of global human trafficking or international prostitution during opening or closing argument. The Court will hold the Government to its word. For these reasons, the Defendant's motion is granted.

The Government has indicated that these topics may be touched upon briefly during *voir dire*, as well on direct examination of law enforcement witnesses as it relates to each witnesses' specialized knowledge, training and experience related to investigating human trafficking. This limited modification of examination in this arena will be permitted.

**B.    Limitation on the word "Pimp" to describe Mr. Washington**

Defendant Washington asks the Court to prohibit the Government and its witnesses from using the term "pimp" frequently during trial and require the use of alternative or neutral terminology instead. Defendant contends the word pimp is racially loaded and prejudicial particularly when applied to Black men accused of offenses involving sex work.

Although the Defendant references that his concern is "echoed in broader scholarly and cultural discussions" and "a term historically rooted in racialized caricatures of Black men as violent, controlling, and predatory," Dkt. 295 at 37, he fails to cite a single case that supports his position or provide such material for the Court's consideration. In essence, the Defendant is asking the Court to draw conclusions and rule in his favor absent anything other than argument. Defendant does, however, cite one case, but is not directly on point.

ORDER - 2

The single authority cited by the Defendant is the state court decision, *State of Washington,* 21 WA App 722 (2022) in which the facts of this case are distinguishable. There the issue of prosecutorial misconduct was raised because of the prosecution's introduction of the concept of a "gorilla pimp."  As the Court noted, "using a gorilla analogy when discussing human behavior, specifically the behavior of a Black man, is clearly racist rhetoric," Id, at 209.

The Court is unaware the Government has any desire to introduce such a concept or racist terminology in its presentation of evidence.  If it was their desire, it is excluded.

Further complicating the defense motion is anticipated evidence that Washington regularly used the term "pimp" to describe himself and Palm.  The Government should not be restricted from eliciting such admissions at trial or using it to describe the Defendant's conduct. Therefore, the Defendant's motion is denied.

### C.    Exclusion of testimony or evidence that Mr. Washington was previously in jail

The Government concedes and does not object to the exclusion of evidence that Mr. Washington was previously in jail between February 27, 2015, and June 8, 2015. Therefore, the Defendant's motion is granted.  The Court will adopt the Government's stipulation to be read to the jury that: "During the period from late February 2015 through early June 2015, Mr. Washington was not present in the State of California." The Court will not adopt the Defendant's language regarding bank activity as that is a fact the jury must decide, not the Court.

### D.    Should the Court exclude Government "Expert" Steven Vienneau

The Defendants both seek to exclude the testimony of SA Vienneau.  Dkt. 290, at 9 and Dkt. 295, at 7.  In essence the Defendants contend the agent is unqualified to opine on adult consensual sex work dynamics in cases involving adult women.  They

ORDER - 3

argue that his professional background is "overwhelmingly" rooted in child exploitation and juvenile sex trafficking. Defendants also contend his proposed testimony fails Fed. R. Evid. 702 reliability requirements. And last, Defendants ask the Court to exclude the testimony under Fed. R. Evid. 403 suggesting the risk of unfair prejudice given the testimony invokes emotionally charged concepts.

The Government outlined the specific opinions SA Vienneau is expected to provide. They are clearly outlined by the Government in its memorandum (Dkt. 306, at 2) and will not be repeated here again. Moreover, the Government provided the details, opinions and extensive qualifications of the agent in its Expert Witness Disclosure. Dkt. 306-1.

Fed. R. Evid. 702 permits expert testimony if it is relevant and reliable and the expert is qualified to testify on the subject by virtue of his or her "knowledge, skill, experience, training, or education. Under Rule 401, evidence is relevant if it tends to make the existence of any pertinent fact probable.

The essence of the testimony of SA Vienneau is to provide expert testimony about the pimp-prostitute relationship and subculture. Per the approval of the Ninth Circuit in *United States v. Taylor*, 239 F.3d 994 (9th Cir. 2001) expert testimony on "the relationship between prostitutes and pimps" is relevant in a sex trafficking case as it can assist the jury in understanding a relationship which is not the subject of common knowledge of jurors. Such evidence will assist the jury in assessing the veracity of witness testimony who may be testifying about relationships between pimps and prostitutes. It will also assist the jury in understanding the subculture of the sex trafficking industry.

The Defendant's allegation that the agent lacks qualifications to provide expert testimony on adult sex trafficking fails to consider the extent and depth of his experience. His experience is not limited to only minors. As explained in his

ORDER - 4

disclosure, since 2004 his experience has been involved in human trafficking involving both adults and minors. Dkt. 301-1, ¶¶ 1-7. His qualifications involve interviewing over 200 females involved in commercial sex, including approximately 125 adults and 75 minors. Dkt. 301-1, at ¶5. Based upon the Government submissions, SA Vienneau is qualified to testify as an expert on the topic of sex trafficking subculture of adults due to his knowledge, experience, training and education.

The Defendants contend SA Vienneau does not meet the reliability requirement of Rule 702. The Government disclosures belie the Defendant's assertions. The disclosures demonstrate the agent has gained his expertise through 20 years as an FBI Special Agent specializing in sex trafficking crimes. He also has honed this expertise through hundreds of hours of training and participated in over 100 investigations of sex trafficking offenses, personal interviews with over 200 victims and potential victims of sex trafficking regarding their experience with prostitution and conducted personal interviews with approximately 20 suspected traffickers.

The Defendants cite *Daubert v. Merrell Dow Phar., Inc.*, 509 U.S. (1993). The Court concludes that no *Daubert* hearing is required. As noted by the Government, the agent's testimony regarding sex trafficking does not involve any new scientific theory, technical background, or and novel area of expertise. Moreover, with this order, the Court has determined the evidence is relevant and methodologies reliable.

Last, is the Defendant's proposed exclusion of the testimony under Rule 403. This request is denied. The probative value of the agent's testimony is great, and it goes to assisting the jury in understanding the witness's testimony and help assess the credibility of the victims and witnesses in this case. Any risk of unfair prejudice is greatly outweighed by the probative value of the proposed evidence.

In addition, he will provide testimony on areas that not common knowledge on the sex trafficking business.

ORDER - 5

For these reason, the Defendant's motion is denied.

### E.  Referring to non-testifying individuals as "Victims" or introducing sex advertisements relating to non-testifying individuals

The Government has represented that it will refrain from referring to non-testifying individuals as "victims," but will refer to each of them by their name or more generally as adult women.  The Court will hold the Government to its word and therefore, the Defendant's motion on this issue is granted.

The Defendant's motion to prohibit introduction of sex advertisements relating to non-testifying individuals is denied.  The Government is permitted to present evidence of the conspiracy, including with the appropriate foundation, evidence of account creation for sex advertisements, management of the accounts, posting of sex advertisements and the advertisements themselves as it is substantive evidence of the crime charged in Count 1 and this is not dependent on whether the uncharged individual testifies.  With emphasis, the key to admissibility will be the expectation a proper foundation is established.

### F.  Testimony that Mr. Washington "Knows Murderers" or could direct violence through others.  (FRE 403)

The Defendant has outlined in detail the claimed concerns of prejudice if AV3 is permitted to testify as to the reasons she feared the Defendant.

First, much of what is contested is based upon statements made by the Defendant and it is these statements and inferences that caused AV3 to fear him.

Second, Defendant Washington is charged in Count 1 of the Superseding Indictment with Conspiracy to Commit Sex Trafficking by Force, Fraud, and Coercion and Count 6, Sex Trafficking of AV3 by Force, Fraud, and Coercion. The Court agrees with the Government that a charged victim's testimony that he used threats of force and coercion is relevant to the ultimate issue of guilt and not unfairly prejudicial.  Because

ORDER - 6

the evidence proposed is evidence of an element of the crime to be proved, the Court finds the probative value is substantially outweighed by the danger of unfair prejudice. For these reasons, the Defendant's motion is denied.

### IV.    CONCLUSIONS

For the foregoing reasons, the Court finds on the Defendant Washington's Disputed Motions *In Limine* as follows:

    A. Testimony, evidence and argument concerning worldwide problems of human trafficking, child slavery, and international prostitution is **GRANTED.**

    B. Limitation on the word "Pimp" to describe Mr. Washington is **DENIED**.

    C. Exclusion of testimony or evidence that Mr. Washington was previously in jail is **GRANTED**.

    D.  Exclusion of Government "Expert" Steven Vienneau is **DENIED**.

    E. Referring to non-testifying individuals as "Victims" or introducing sex advertisements relating to non-testifying individuals is **GRANTED**.

    F. Testimony that Mr. Washington "Knows Murderers" or could direct violence through others is **DENIED**.

IT IS SO ORDERED.

Dated this 2nd day of February, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER - 7