HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  CR23-00058 RAJ |
| v. | ORDER ON DEFENDANT WASHINGTON'S MOTION TO ADMIT F.R.E. 412 EVIDENCE |
| BRANDON DENZEL WASHINGTON and MARIA GEORGIANNA PALM, | |
| Defendants. | |

## I.     INTRODUCTION

THIS MATTER is before the Court on Defendant Washington's Motion to Admit Fed. R. Evid. 412.  Dkt. #297.  Having considered the Government's response to the motion. Dkt. #303, and Defendant Washington's Reply.  Dkt. #325, the Court makes the following determination.  The Court GRANTS the Government's motion.

//

//

//

ORDER - 1

## II.    DISCUSSION

The Defendant has filed a motion giving notice of its intent to introduce evidence related to what he characterizes as not concerning sexual acts, sexual preferences, or sexual predisposition, but rather concerns authorship, access, and control of accounts and sex advertisements.

The Government concedes that certain areas of inquiry are permissible, but others are objectionable.  The arguments will be discussed in turn.

### A.    Evidence Regarding AV1's Alleged Prior Sex Work

Defendant Washington has provided notice of their intent to introduce evidence related to sexual conduct and behavior of AV1.  Specifically, they seek to offer evidence she was involved in independent sex work before she met Washington, her involvement in leasing an apartment in San Francisco and her posting of advertisements for commercial sex work.

The Government acknowledges the defense should be permitted to attempt to impeach AV1's credibility by cross-examining her about when and how she met Washington.  The Government further admits that if AV1 testifies she met Washington online in October 2014, the defense should be permitted to call Maribel Zavala to testify she introduced AV1 to Washington at a party in 2015 and AV1 became obsessed with him.  These are appropriate concessions, and this area of examination will be permitted.

The Defendant is not permitted to seek from Zavala any testimony about AV1's prior sex work.  That is outside the boundaries of Rule 412 and inconsistent with this Court's prior order. Dkt. #195.

//

//

//

ORDER - 2

### B.    Evidence of AV1's San Francisco Housing and Sex Work Infrastructure

The Defendant has provided notice that he seeks admissibility of evidence that AV1 leased an apartment in San Francisco with Zavala between June 2016 and 2017. Dkt. #297, at 19.  The Government indicates it will not object to the introduction of this evidence or to the defense cross-examining her on whether she "controlled her own advertising" and "independently set prices and schedules." Dkt.303, at 6.

In addition, it appears the Defendant wishes to cross examine AV1 on inconsistent statements she allegedly made about "how" and "why" the apartment existed.  The areas identified by the Defendant are permissible and not violative of Rule 412.  Those areas about the apartment specifically identified in Dkt. 325, at 6 and 7 will be permitted.

The Court will allow this examination but expects a foundation to be established that Zavala has direct knowledge of these facts.  Fed. R. Evid. 602.

### C.    Evidence of Post February 2020 Advertising and Travel

The Defendant also seeks to offer evidence that after AV1 separated ways with him, she traveled to Seattle with another woman and posted multiple advertisements for commercial sex.  Dkt. #297, at 19-20. The Defendant has asserted this evidence is admissible "to rebut the specific claim that AV1 lacked control over her accounts and online presence and to rebut any claim that there was fraud, force or coercion that persisted until February 2020."  Dkt. #297, at 20.  He claims this evidence is offered to rebut a specific factual claim of exclusive control and her various illicit contradicting statements. Dkt. #325, at 9.

The Defendant's requested cross-examination is denied and prohibited by Rule 412.  The proposed examination would be offering evidence that after AV1 separated from the Defendant, she may have engaged in commercial sex, including advertising to engage in the same.  Evidence that she advertised or engaged in commercial sex acts

ORDER - 3

after she left the Defendant is not permitted.  Such evidence is irrelevant to the issue of whether the Defendant committed the crimes of sex trafficking through fraud, force or coercion.  This evidence is prohibited by Rule 412 as evidenced in *United States v. Backman*, 817 F.3d 662, 670 (9th Cir. 2016).

For these reasons the Defendant's request in denied.

### D.    Evidence Relating to AV2

The Government has proffered it will seek to elicit testimony from AV2 that when she met Washington, she was trafficked by a different pimp.  AV2 ostensibly met Washington after he responded to a prostitution advertisement her pimp had placed for her.  The Government admits it seeks to offer this evidence to show that Washington knew AV2 was involved in commercial sex and was attempting to recruit her to work for him.

The Defendant counters that he should be entitled to examine AV2 about a posting dated October 15, 2015, that was available on a TNA Board account that contained advertisements of AV2.  The Defendant suggests this is non-sexual evidence that tests the accuracy of her narrative.

The Defendant's request is denied for a variety of reasons.  First, no foundation has been proffered that AV2 was the author of the post.  Second, Rule 412 bars this type of evidence.  As this Court indicated in its prior Order, Dkt. #195, at 6: "Evidence of victims' other sexual behavior or sexual predisposition, i.e., pre- and post- indictment acts of prostitution are irrelevant to this case as it does not make more or less probable the fact that the Defendants caused the alleged victims to engage in a commercial sex act during the time period alleged in the indictment."

### E.    Evidence Relating to AV3

The Defendant seeks to introduce evidence that two commercial sex advertisements featuring AV3 were posted in St. Louis at Washington's direction days before he flew to Seattle to work for him.  Defendant also seeks to offer evidence of

ORDER - 4

commercial sex advertisements featuring AV3 posted in different geographic areas after AV separated from Washington but before she returned to him.

The Government has no objection to the admissibility of this evidence, and it will be permitted.  However, any advertisements of AV3 during the time she was separated from Washington and no longer under his control are not admissible.  As this Court previously indicated, evidence that a sex trafficking victim engaged in a commercial sex act before or after she was trafficked by the Defendant "does not make probable the fact that the Defendants caused the alleged victims to engage in a commercial sex act during the time frame alleged in the indictment."  Dkt. #195, at 5 and 6.  What AV3 did or did not do as it related to the sex advertisements soliciting customers to engage in prostitution activities will not be permitted.

### III.    CONCLUSION

For the foregoing reasons, the Defendant Washington's Motion to Admit F.R.E. 412 is **GRANTED IN PART AND DENIED IN PART**.

IT IS SO ORDERED.

Dated this 2nd day of February, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER - 5