HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Case No.  CR23-00058 RAJ

v.

BRANDON DENZEL
WASHINGTON and MARIA
GEORGIANNA PALM,

Defendants.

ORDER ON GOVERNMENT'S
MOTION *IN LIMINE* TO ADMIT
EVIDENCE

## I.    INTRODUCTION

THIS MATTER is before the Court upon the Government's Motion *In Limine* to Admit Evidence.  Dkt. 291.  Defendant Washington filed a response.  Dkt. 309. This Court has considered these pleadings and the files and pleadings herein.

//

//

ORDER - 1

## II.   DISCUSSION

The Government seeks to admit evidence related to the broader and ongoing conspiracy to commit sex trafficking as substantive evidence of the crime charged in Count 1 of the Superseding Indictment.  The Government contends this same evidence is relevant to Counts 2-9 claiming it is inextricably intertwined with the charged offenses.  Dkt. 291, at 2.  The details of the evidence the Government seeks to admit are reflected in the notices it provided to the Defendant on December 3, 2024 and August 11, 2025.

The Government submits that because the evidence is inextricably intertwined with the charged offenses, it is not subject to the limitations under Fed. R. Evid. 404(b).

The Government has provided adult victim anticipated summaries for AV1, AV2, AV3 and AV4.  Along with these summaries, the Government has provided a listing of the categories of evidence it seeks to admit at trial.  Dkt. 291, at 7-8.

The Defendant objects to the admission of this evidence for a variety of reasons.  To support the objection the Defendant provided detailed counter contentions of the statements of the proposed witnesses.  Dkt.309, at 3-6.

The Defendant's first objection goes to the alleged failure of the Government to identify the specific documents or messages it intends to introduce.  On January 30, 2026, a Pre-Trial Conference was held with all parties in attendance.  This precise issue was raised by the Defendants.  The Government indicated that it would be filing its witness list in accordance with the pre-trial order and would additionally identify the specific exhibits it planned to offer.  This appears to remedy the Defendant's concerns at least as of the time of the hearing.

Setting this aside, the Government did provide the two notices of the evidence and witnesses expected to testify.  Dkt. 291, Exhibits A and B.  These exhibits, while

ORDER - 2

not detailed as desired by the Defendant, mitigates the absence of specific identification of the detail the Defendant seeks. Hence, this issue is adequately addressed. No further relief is warranted.

This same ruling applies to the concerns regarding the identification of admissible evidence of fraud force or coercion of the uncharged women.

The Defendant next challenges the Government's contention the proposed evidence is "inextricably intertwined" evidence. The basis for the challenge is unpersuasive when considering the nature of the charges and proposed evidence.

The Superseding Indictment charges conspiracy as it relates to four different women. As this is a conspiracy claim, evidence of the conspiracy is not limited to just the identified alleged victims and the Court concludes the proffered evidence is relevant to the elements of the conspiracy.

Based upon the Government's notices, the proposed evidence is admissible for several reasons. First, segregation of the totality of facts the Government possesses is not warranted. Although the Defendant is indicted for tracking a limited number of alleged victims, the notices clarify the evidence fits within the definition of being a single criminal episode of conduct by the Defendants. The Court finds that the notices reflect evidence that is part of the basis for the charged crimes.

In addition, the proposed evidence is necessary to present a coherent and comprehensible story regarding the commission of the underlying crime. To do otherwise, would create an expectation that the jury is to make determinations of guilt or innocence without the benefit of evidence that describes the time, place and circumstances which form the basis for the charge. *See, United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1012-12 (9th Cir. 1995).

ORDER - 3

In addition, the Government has provided a litany of direct links of evidence to the Defendants, e.g., the manner in which they attempted recruitment of multiple known and unknown women via false representations, Defendant Washington's communications with others about trafficking, the Defendant's statements on how they committed the charged offenses, the discussions between the Defendants about the use of violence, and last the general communications regarding recruitment, retention, account creations, sex buying websites, travel arrangements and the details of times and rates for commercial sex.  Dkt. 291, Exhibits A and B.

This evidence demonstrates it is inextricably intertwined with the subject crimes and should not be excluded.  This ruling includes the admission of evidence regarding the Instagram posts describing the wealth of the Defendant and style of living.

The Defendant's challenge to the propriety of finding admissibility pursuant to Rule 404(b) equally fails.  That rule allows the admission of such evidence if offered to prove motive, opportunity, intent, preparation, plan and knowledge and the probative value is not substantially outweighed by the risk of unfair prejudice.

The Government correctly states the mandates of Rule 404(b) and will not be restated herein.  Dkt. 291, at 15.  The proffered evidence meets these criteria.  A material element of the charged offenses requires proof of intent and knowledge.  The notice evidence directly links with this evidence to prove knowledge. Such evidence is highly probative of the Defendant's knowledge and intent.

The notice evidence is not only like the charged offenses, but also identical and meets that component for admissibility.

The notice evidence substantially demonstrates there is sufficient proof of the prior acts.  Such evidence includes testimony, text messages and social media posts.

ORDER - 4

Last, the other acts evidence is not remote in time and are contemporaneous with the crimes charged in the Superseding Indictment.

### III. CONCLUSIONS

For the foregoing reasons, the Government's Motion to Admit Evidence is **GRANTED**.

Dated this 10th day of February, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER - 5