HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

v.

BRANDON DENZEL WASHINGTON and MARIA GEORGIANNA PALM,

Defendants.

Case No.  CR23-00058 RAJ

ORDER ON GOVERNMENT'S MOTION TO PRECLUDE IMPROPER AND IRRELEVANT CHARACTER TESTIMONY

## I.    INTRODUCTION

THIS MATTER is before the Court on the Government's Motion to Preclude Improper and Irrelevant Character Testimony. Dkt. 347.  Having considered the motion, Defendant Palm's Response Dkt. 350, Defendant Washington's Response Dkt. 360 and the Government's Reply Dkt. 353, and the files and pleadings herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

//

//

ORDER - 1

## II.    DISCUSSION

In its initial motion, the Government sought to preclude the defense from 1) eliciting testimony regarding the "good character" of either defendant, and 2) eliciting testimony from a witness that the Defendants did not use force, fraud, or coercion to compel that testifying witness to engage in commercial sex acts pursuant to Fed. Rule of Evid., 401, 403, 404(a) and 405(a).  Dkt. 347, at 1.  The Government provided its characterizations of the anticipated testimony from defense witnesses with the initials, M.Z., A.A., T.L., H.Py., and K.H.

The Government additionally seeks prohibition of testimony from these witnesses contending it would constitute admission of inadmissible irrelevant and improper character evidence.  The Government additionally seeks to preclude the defense from eliciting testimony regarding T.G.'s "bad acts" which included drug and alcohol use.  Dkt. 347, at 9.

Last, the Government seeks prohibition of any of the noted witnesses from providing opinions regarding whether AV1 was trafficked by the Defendants.

The defense counters on several grounds:

First, the testimony they seek to admit is not opinion testimony, but rather, based on their own personal experience.

Second, the proposed testimony is relevant as it would concern what they personally experienced during the relevant time of the conspiracy, making it more probable that the Defendants did not engage in force, fraud or coercion to get women to engage in commercial sex work or conspire to do so.

Third, the Defendants are not seeking to introduce testimony about either Defendants' "character traits." The testimony is offered rather to describe when and how they met the Defendants, their interactions with them, and whether they engaged in

ORDER - 2

commercial sex work voluntarily or subjected to force, fraud or coercion. Dkt. 350, at 4 and Dkt. 360, at 4-7.

The Government concedes in its Reply Memorandum that it is not seeking to preclude the Defendants from putting on evidence that contradicts the Government's claims.  Moreover, the Government concedes that the defense is entitled to examine witnesses and elicit testimony regarding their experiences and observations of the Defendants and any of the named victims.  Dkt. 353, at 2.

Despite these concessions, the Government persists in its contention that the Defendants should be prohibited from putting on testimony from other witnesses not otherwise referenced in the Government's case-in-chief.

While the Court agrees in part with the Government, its proposed restrictions are too expansive. Thus, the Court outlines the areas of prohibited examination and what will otherwise be permitted.

The Defendants are precluded from rendering opinions about whether any of the named victims or witnesses were engaging in sex work voluntarily or were trafficked. This prohibition does not restrict the defendant from calling witnesses to provide testimony regarding their own experiences in the commercial sex industry.

Within the bounds of Fed. R. Evid. 602, the Defendants may question witnesses whether they observed or experienced force, threats, coercion or lack of choice in connection with engaging in sex acts and whether they observed others experiencing the same. This examination may include asking witnesses if they observed such conduct with respect to the named victims of the Superseding Indictment.  The Court allows these types of questions with the limitation that the testimony must be based upon personal knowledge, and not speculation, surmise or conjecture.

ORDER - 3

As the Government briefing on other motions suggest, it may offer testimony about commercial sex ads, creation of bank accounts, whether creation of the accounts was voluntary or coerced, travel records and bank deposits.  These are permissible areas of examination.  The Defendants are likewise permitted to examine witnesses as to whether their involvement with these matters was voluntary or coerced.  The Court will allow the Defendants to ask limited leading questions in these areas to eliminate or certainly reduce a witness from volunteering character evidence when responding to questions, e.g., "that the Defendants were not controlling," that "Brandon was always a gentleman, and women liked to be with him because he was polite," "Brandon was never controlling anyone," that "Washington is the opposite" of other pimps, and that "he's nice, he's a normal person."  These are examples but not inclusive of all prohibited questions.  They are designed to give the Defendants the parameters of permissible examination on these topics.

The Court agrees that testimony about the Defendants' "character traits" are not admissible evidence.  However, the Defendants are permitted to ask their witnesses how and when they met the Defendants, their interactions with them, and whether they engaged in commercial sex work voluntarily, and whether they were subjected to force, fraud, or coercion.

Fed. Rule of Evid. 404(b) clearly allows a defendant to offer evidence of his/her pertinent trait.  If such is offered, it must be limited to his/her reputation or an opinion about a relevant character trait. The Defendants are cautioned that they are not permitted to introduce evidence of, or refer to, any specific instances of good conduct in which a defendant may have engaged.  If a defendant offers such evidence regarding their good character, the Government may then cross-examine such character witnesses about their knowledge of specific acts of misconduct, pursuant to Fed. Rule of Evid. 405(a).

ORDER - 4

Next, the Defendants are precluded from eliciting testimony regarding T.G.'s "bad acts" – specifically allegations about her alleged drug and alcohol abuse. These types of statements do not fall within any exception under Fed. R. Evid. 404(b).

### III.    CONCLUSION

For the foregoing reasons, the Government's Motion to Preclude Improper and Irrelevant Character Testimony is **GRANTED IN PART** and **DENIED IN PART.** The parties are advised to inform all witnesses of the extent and detail Court's rulings.

Dated this 11th day of February 2026.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER - 5